■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.), rendered May 25, 1982, convicting him of arson in the third degree (six counts), reckless endangerment in the first degree (six counts), conspiracy in the fourth degree, and violation of General Business Law § 340, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was charged with participating in a conspiracy to burn down competing supermarkets and grocery stores. A total of eight fires were set. The defendant, in addition to being convicted of conspiracy to set the fires, was also convicted of arson and reckless endangerment charges in connection with six of the incidents.

The defendant's argument that the acquittal on arson charges in connection with two of the incidents was repugnant to the verdict finding him guilty of conspiracy has not been preserved for appellate review because there was no protest prior to the discharge of the jury *(see, People v Satloff,* 56 NY2d 745). In any event, this contention is without merit since, under New York law, conduct which will support a conviction for conspiracy does not perforce give rise to liability for the substantive crime as an accessory *(see, People v Tucker,* 55 NY2d 1; *People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942).

The defendant's contention that the trial court erred when it failed to charge that Ida Martin was an accomplice as a matter of law is similarly unpreserved for our review *(see, People v Lipton,* 54 NY2d 340). Reversal in the interest of

justice is not warranted because different inferences could reasonably have been drawn from the proof regarding Martin's complicity. Submitting the question of her accomplice status to the jury was therefore appropriate *(see, People v Basch,* 36 NY2d 154).

We find no abuse of discretion in the trial court's denial of the defendant's midtrial request for a severance, and its refusal to exclude certain police witnesses from the courtroom *(see,* CPL 200.40 [1]; *People v Bornholdt,* 33 NY2d 75; *People v Felder,* 39 AD2d 373, *affd* 32 NY2d 747, *appeal dismissed* 414 US 948). Nor was it error to permit testimony concerning the detectives' recollection of certain conversations which were tape recorded. The defendant contends that, since the tapes themselves were admitted into evidence, admission of the oral testimony violated the best evidence rule. This argument is without merit. Since what was sought to be proven by the testimony was the content of a conversation, a fact existing independently of the tape recording, the best evidence rule was inapplicable and the conversation could be testified to by anyone who heard it.

We have reviewed the defendant's remaining contentions and have found them to be without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.