■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD STRAWDER, Also Known as WILLIAM STRAWDER, Appellant.

The defendant was convicted of second degree murder. The evidence at trial established that the victim had been shot during the course of an attempted robbery committed by a group of young men. Two police officers testified that the defendant had given them a statement in which he admitted being involved in the planning of the attempted robbery, standing nearby while the crime occurred and joining the others in an apartment immediately following the shooting. Additionally, a videotaped recording of the defendant's statement to an Assistant District Attorney which was given the same day as the statement to the police officers, was played to the jury. In this videotaped statement, the defendant denied

any involvement in the planning of the robbery and his role in the crime itself was portrayed as that of an unwilling observer. His testimony at trial paralleled his taped confession. The only other witness to testify was Lawrence Ling, an accomplice to the crime who revealed that he had pleaded guilty to a lesser crime in return for a promise that upon giving "truthful" testimony against the other participants he would receive a certain sentence. His sentencing was not to take place, however, until after his testimony was completed. Ling's testimony paralleled that of the police officers.

The defendant requested that the court charge the jury that Ling was an interested witness, a request which the court denied. The defendant failed to request that the court charge that Ling was an accomplice and therefore that his testimony alone was not sufficient to obtain a conviction.

When the undisputed testimony at trial establishes, as it did here, that a witness was an accomplice, the court is under a duty to charge, in accordance with CPL 60.22, even without a request from the defendant, that the accomplice's testimony must be corroborated. However, absent a request by a defendant, reversal in the interest of justice is mandated only when it is apparent that the case against defendant rests substantially on the testimony of an accomplice and the proof of guilt against the defendant is less than overwhelming *(People v Ramos,* 68 AD2d 748; *see, People v Minarich,* 46 NY2d 970).

Here, since the defendant's mere presence at the scene of the crime, even with knowledge of its perpetration, would not have rendered him accessorially liable *(see, People v Reyes,* 82 AD2d 925), the question of whether the defendant was in the apartment when the crime was planned and whether he was acting as a lookout during the shooting was crucial to the determination of his guilt. It cannot be said that the accomplice's testimony on these crucial points was not a substantial factor in the guilty verdict nor was the evidence of the defendant's guilt overwhelming *(see, People v Ramos, supra).* Accordingly, a new trial is required.

Additionally, in light of the fact that the witness Ling was to receive a lenient sentence in exchange for his testimony and particularly because his sentencing was to be delayed until after he testified, the Judge should have specifically instructed the jury that in weighing Ling's testimony they could consider his possible interest in the case. This was especially important as the court indicated to the jury that, as a matter of law, the defendant was an interested witness. A balanced charge should properly have included possible inter-

ests of the prosecution's witnesses *(see, People v Brabham,* 77 AD2d 626). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.