■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 2, 1986, convicting him of burglary in the second degree, criminal mischief in the fourth degree and resisting arrest, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.), rendered September 8, 1982, convicting him of arson in the third degree (eight counts), attempted arson in the third degree, reckless endangerment in the first degree (seven counts), conspiracy in the fourth degree, and violation of General Business Law § 340, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in failing to charge that the witness Ida Martin was an accomplice as a matter of law. Inasmuch as the defendant failed to request such a charge and did not object to the charge as given, the issue is not preserved for appellate review *(see, People v Lipton,* 54 NY2d 340; *People v Torres,* 118 AD2d 821, *lv denied* 68 NY2d 672). In any event, reversal is not warranted in the interest of justice because different inferences could reasonably have been drawn from the proof regarding Martin's complicity *(People v Torres, supra,* at 822). Thus, the trial court did not err in submitting the issue as to her accomplice

status to the jury as a question of fact *(see, People v Basch,* 36 NY2d 154; *People v Torres, supra,* at 822).

Contrary to the defendant's contention, we find that the People adduced sufficient proof to corroborate the testimony of the witnesses who were accomplices as a matter of law *(see,* CPL 60.22 [1]). In this regard, the taped conversations in which the defendant acknowledged the criminal enterprise, and Ida Martin's testimony as to his involvement in the crimes, tended to independently connect the defendant to the conspiracy and the substantive crimes *(see, People v Moses,* 63 NY2d 299, 306; *People v Kress,* 284 NY 452, 460).

We have examined the defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and conclude that they are without merit *(see, People v Torres, supra,* at 822). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.