◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ALLRED, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington,

J.), rendered October 30, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 18, 1984, at about 1:30 P.M., the defendant stole a car at gunpoint from the victim in the parking lot of the Green Acres shopping center. Two other individuals, the defendant's brother, William Allred, and Craig Matthews, also participated in the crime. Matthews was the principal witness for the prosecution and the court properly charged the jury that he was an accomplice as a matter of law (see, CPL 60.22 [2]).

The defendant contends that two other witnesses for the People, Felicia Allred, the wife of the defendant's cousin, and Tuesday Peay, the codefendant William Allred's girlfriend, should have been deemed accomplices as a matter of law.

Peay testified that she heard the three men plan the crime and that William Allred and the defendant made certain inculpatory statements to her after the robbery. Felicia Allred also testified as to certain inculpatory statements made by William Allred after the commission of the robbery.

We find that, as different inferences could reasonably be drawn from the proof as to the complicity of Peay and Felicia Allred in the crime, the question of their status as possible accomplices was properly left to the jury to decide (see, People v Basch, 36 NY2d 154).

We find no merit to the defendant's claim that there was insufficient independent corroboration of the truthfulness of the accomplice Craig Matthews (see, People v Glasper, 52 NY2d 970; People v Rodriguez, 137 AD2d 565).

Finally, under the circumstances, we cannot say that the sentence imposed was excessive (see, People v Suite, 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.