■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 18, 1988, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court committed error by

delegating to a court officer the duty of sequestering the jury. We disagree. The only reference to sequestration is contained in the court's reference to the potential need for lodging accommodations for the jury: "[T]he officers will tell you, you will discuss with the officers about going away or not going away". Asking a deliberating jury if they need lodging accommodations is considered a purely administrative duty concerning which court officers may properly communicate with a jury (see, People v Ciaccio, 47 NY2d 431, 437; People v Demming, 116 AD2d 886, 889). Moreover, this ministerial communication was unrelated to the substantive legal or factual issues presented at trial. It cannot be said that the defendant's presence during this communication would have borne any relation to her opportunity to defend against the charges. Therefore, the defendant was not denied her right to be present with counsel at a material stage of the trial when the court sequestered the jury (see, People v Harris, 76 NY2d 810, 812, quoting Snyder v Massachusetts, 291 US 97, 105-106). We further find that the record does not support the defendant's allegation that the jury deliberated outside the presence of the court's supervision.

Next, the defendant contends that the trial court committed error by failing to charge the jury that prosecution witness Roger Mahon was an accomplice as a matter of law because he previously pleaded guilty to a crime in the same indictment and received a lenient sentence in exchange for his testimony. The defendant failed to request that the jury be charged that Mahon was an accomplice as a matter of law, and did not object to the charge as given. Therefore, the issue was not preserved for appellate review (see, People v Lipton, 54 NY2d 340, 351; People v Rodriguez, 137 AD2d 565; People v Torres, 118 AD2d 821). Reversal in the interest of justice is not warranted as Mahon's testimony did not substantially contribute to the defendant's conviction and the proof against the defendant was overwhelming (People v Gonzales, 159 AD2d 721; People v Arnott, 143 AD2d 761; cf., People v Strawder, 124 AD2d 758).

We find that the defendant was not denied a fair trial by reason of the People's conduct at trial, since the defendant did not demonstrate a flagrant and pervasive pattern of misconduct (see, People v Demming, supra, at 887).

We find that the sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions

and find them to be without merit. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.