OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*754 Defendant was arrested in a "buy and bust” street narcotics exchange involving a transactional undercover police officer, backup officers and a designated "arresting officer”. The perpetrator was convicted of a criminal drug sale in the third degree. At trial, defense counsel requested a missing witness instruction to the jury because the designated "arresting officer” was not called to testify by the People.
The Appellate Division correctly concluded that, under the rationale of People v Gonzalez (68 NY2d 424), defendant did not qualify for the sought-after instruction and that it was properly rejected by the trial court. The designated "arresting officer”, who recorded the undercover officer’s radio description of defendant and "who was a few blocks away from the location of the drug sale, was not in a position to have knowledge of material issues or to have observed anything that would make his testimony relevant to any material issue in the case” (178 AD2d 492, 493; see, People v Gonzalez, supra, at 427).
The defendant-appellant also claims that the trial court erred in not allowing defense counsel to cross-examine the backup police officers concerning some identification details transmitted by radio between the team of officers. Appellant does not claim that the trial court erred in sustaining the People’s hearsay objection, but instead, on appeal for the first time, suggests an alternative limited justification for allowing the line of inquiry trial defense counsel wished to pursue (see, People v Huertas, 75 NY2d 487, 492). Inasmuch as that theory was not expressed to the trial court, the issue is not preserved for our review.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.