■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POLHILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J., at trial; Beldock, J., at sentencing), rendered June 17, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed error by failing to charge the jury that one of the prosecution witnesses was an accomplice as a matter of law whose testimony required corroboration in order to support a conviction. Since the defendant failed to specifically request an accomplice instruction or to object to the trial court's charge as given, this contention is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Green*, 185 AD2d 992; *People v Coico*, 176 AD2d 339). Reversal in the interest of justice is unwarranted. As we stated in *People v Strawder* (124 AD2d 758, 759), "absent a request by a defendant [for an accomplice charge] reversal in the interest of justice is mandated only when it is apparent that the case against [the] defendant rests substantially on the testimony of an accomplice and proof of guilt against the defendant is less than overwhelming" *(see also, People v Ramos*, 68 AD2d 748; *People v Minarich*, 46 NY2d 970). In this case, there was evidence which was independent of the alleged accomplice's testimony, and the evidence as a whole established the defendant's guilt by overwhelming evidence *(see also, People v Glasper*, 52 NY2d 970; *People v Martin*, 169 AD2d 784, 785; *cf., People v Gonzales*, 159 AD2d 721; *People v Strawder, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.