■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WINBUSH, Appellant. [615 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 28, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Approximately one week prior to June 27, 1984, the defendant attended a meeting at which his gang leader offered a bonus to whoever killed James Carter. The next day, Frank Flowers, a member of the gang, shot at Carter but missed. Several days later on June 27, the defendant shot and killed Carter after other members of the gang surrounded and beat Carter with baseball bats. Flowers was not present when the beating and murder took place. At trial, Flowers testified regarding the gang meeting prior to the murder. He further testified about a gang meeting hours after the shooting, at which the defendant admitted to killing Carter.

The defendant did not preserve for appellate review his claim that the court erred in failing to give an accomplice corroboration charge to the jury with respect to Flowers' testimony *(see,* CPL 470.05 [2]). Absent a defendant's request for an accomplice charge, reversal in the exercise of our interest of justice jurisdiction is mandated only when it is apparent that the case against defendant rests substantially on the testimony of an accomplice and the proof of guilt against the defendant is less than overwhelming *(see, People v Strawder*, 124 AD2d 758, 759; *People v Polhill*, 190 AD2d 692). In this case, there was evidence which was independent of the alleged accomplice's testimony, and the evidence as a whole establishing the defendant's guilt was overwhelming.

The defendant's sentence was not excessive *(see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see,*

*People v Bennett,* 79 NY2d 464, 470; Richardson, Evidence §§ 200, 203 [Prince 10th ed]). Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.