■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERNANDO ORTIZ, Appellant. [626 NYS2d 968] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered January 7, 1993, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in failing to give an accomplice corroboration charge to the jury with respect to the testimony of a prosecution witness. This contention is unpreserved for appellate review as the defendant neither requested such a charge nor objected to the charge on this ground *(see,* CPL 470.05 [2]; *People v Winbush,* 206 AD2d 556; *People v Polhill,* 190 AD2d 692; *see also, People v James,* 75 NY2d 874).

We decline to exercise our interest of justice jurisdiction

here as the record reveals that the failure to request this charge was a deliberate trial tactic *(see, People v Mahan,* 195 AD2d 881; *People v Walker,* 87 AD2d 725). Moreover, reversal in the interest of justice is mandated only when it is apparent that the case against the defendant rests substantially on the testimony of the accomplice and the proof of the defendant's guilt is less than overwhelming *(see, People v Polhill, supra,* 190 AD2d 692; *People v Strawder,* 124 AD2d 758). Here, there was overwhelming evidence of the defendant's guilt which was independent of the alleged accomplice's testimony. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.