■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DELCARPIO, Appellant. [633 NYS2d 520] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered October 12, 1993, convicting him of scheme to defraud in the first degree, grand larceny in the fourth degree, petit larceny (three counts), and practicing or appearing as an attorney-at-law without being admitted and registered, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It is within the trial court's broad discretion to limit the scope of the cross-examination of witnesses concerning collateral matters designed to impeach their credibility. Where, as here, there has been no improvident exercise of this discretion, the trial court's determination should not be disturbed on appeal *(see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *see also, People v Griffin,* 194 AD2d 738).

Although the defendant requested a missing-witness charge, the defendant failed to sustain his initial burden of making a prima facie showing that the uncalled witness was knowledgeable about a material issue pending in the case and that the witness would naturally be expected to provide testimony favorable to the party who has not called him *(see, People v Kitching,* 78 NY2d 532, 536; *see also, People v Gonzalez,* 68 NY2d 424). Thus, the court did not improvidently exercise its discretion in denying the request.

The remarks by the prosecutor during summation were fair comment on the evidence and constituted legitimate responses to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *see also, People v Ashwal,* 39 NY2d 105).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.