■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK McKITHEN, Appellant. [634 NYS2d 128] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 19, 1993, convicting him of attempted murder in the second degree, intimidating a victim or witness in the first degree, assault in the first degree, reckless endangerment in the first degree, resisting arrest, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof providing that the terms of imprisonment imposed for attempted murder in the first degree and intimidating a victim or witness in the first degree are to run consecutively to one another and substituting therefor a provision providing that those terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's claim, the counts of the indictment relating to crimes committed on August 21, 1992, and September 1, 1992, were properly joined under CPL 200.20 (2) (b) as the proof relating to each offense was material and admissible as evidence-in-chief upon the trial of the other (see, CPL 200.20 [2] [b]; *People v Bongarzone,* 69 NY2d 892, 895; *People v Lane,* 56 NY2d 1, 7; *People v Brennin,* 184 AD2d 715; *People v Quartieri,* 171 AD2d 889, 892).

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

As the People correctly concede, since the same act formed the underlying basis for the convictions of attempted murder in the second degree and intimidating a victim or witness in the first degree, the terms of imprisonment imposed for those crimes should be modified to run concurrently with one another (see, Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361).

In a footnote in his brief, the defendant seeks reargument of his motion to expand the judgment roll to include the Grand Jury minutes, which was denied by decision and order on motion of this Court dated October 26, 1994. This application is not in proper form, and we decline to consider it. Accordingly, his contention with respect to the instructions to the Grand Jury is not properly before us.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), without merit, or concern errors which are harmless. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.