*v North Shore Univ. Hosp.*, 202 AD2d 398, 399; *Swartzenberg v Trivedi*, 189 AD2d 151, 153-154, *lv dismissed* 82 NY2d 749; *Bush v Dolan*, 149 AD2d 799). Those tests are met here. Defendants argue that the notes are not "statements" of Dr. Zornek because they do not relate to Dr. Zornek's own conduct. There is no such requirement in the statute. Moreover, it would distort the unambiguous term "statement" to hold that notes are not "statements" of the note taker. Under the terms of Education Law § 6527 (3) and CPLR article 31, plaintiffs are entitled to Dr. Zornek's statements concerning the case (*see, Lenard v New York Univ. Med. Ctr.*, 83 AD2d 860, 861). (Appeals from Order of Supreme Court, Erie County, Gossel, J.—Discovery.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DAVIS, Appellant. (Appeal No. 1.) [642 NYS2d 114] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for resentencing. Memorandum: Defendant contends that County Court erred in sentencing him as a predicate felon without affording him an opportunity to controvert the allegations in the predicate felony statement. Before a defendant may be sentenced as a predicate felon, he must receive a copy of the statement and the court must ask him whether he wishes to controvert any allegation therein (*see,* CPL 400.21 [3]). Here, after the court read the statement to defendant and asked whether he was the individual so convicted, defense counsel raised a procedural objection before defendant responded. The court sustained the objection and the matter was adjourned. Thereafter, defendant was not asked whether he wished to controvert the allegations in the statement. Because the court failed to comply with CPL 400.21 (3), we modify the judgment by vacating the sentence imposed and remit the matter to Steuben County Court for resentencing.

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DAVIS, Appellant. (Appeal No. 2.) [642 NYS2d 840] —Appeal unanimously dismissed (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Steuben County Court, Bradstreet, J.—CPL art 440.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.