■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DAVIS, Appellant. (Appeal No. 3.) [642 NYS2d 848] —Amended order unanimously affirmed. Same Memorandum as in *People v Davis* ([appeal No. 1] 226 AD2d 1081 [decided herewith]). (Appeal from Amended Order of Steuben County Court, Bradstreet, J.—CPL art 440.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN LOFTON, Appellant. [642 NYS2d 113] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction of criminal sale of a controlled substance in the first degree and other related charges involving the sale of cocaine to an undercover investigator of the Monroe County Sheriff's Department and a robbery of the investigator. On appeal, defendant contends that the investigator's testimony concerning audio and video tapes made during the drug transactions and the robbery constituted bolstering and that the admission of that testimony also violated the best evidence rule. At trial, defendant objected to the receipt of those tapes into evidence, along with written transcripts, but failed to object to the investigator's testimony regarding the content of the tapes. Thus, his contentions are unpreserved for our review (*see,* CPL 470.05 [2]; *People v Love,* 57 NY2d 1023, 1025; *People v Chambers,* 191 AD2d 1031, *lv denied* 81 NY2d 1012). In any event, defendant's contentions are without merit. The investigator's testimony was necessary to identify the voices on the audio tapes and to interpret certain terms used by defendant during the negotiation and completion of the drug transactions (*see, People v Bignall,* 195 AD2d 997, 998, *lv denied* 82 NY2d 891; *People v Portanova,* 56 AD2d 265, 271-272). In addition, the court properly instructed the jury that, as the trier of the facts, the jury ultimately had to interpret the tapes. The investigator's testimony concerning the recorded conversations did not violate the best evidence rule (*see, People v Torres,* 118 AD2d 821, 822, *lv denied* 68 NY2d 672). Lastly, based upon defendant's prior criminal history and the seriousness of the offenses, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.