■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST McEACHERN, Appellant. [655 NYS2d 428] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 4, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly curtailed his right of cross-examination is unpreserved for appellate review (*see, People v Ianelli,* 69 NY2d 684, 685, *cert denied* 482 US 914; *People v Lyons,* 81 NY2d 753, 754). In any event, this claim is unavailing. Although the right of cross-examination is protected by the Constitution (*see,* US Const 6th Amend; NY Const, art I, § 6), the trial court retains wide discretion to limit cross-examination " 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant' " (*People v Ashner,* 190 AD2d 238, 246, quoting *Delaware v Van Arsdall,* 475 US 673, 679).

Here, the defendant was able to elicit the inconsistency between the detective's hearing testimony and the trial testimony and place it before the jury (*cf., People v Moore,* 193 AD2d 627, 628). The defendant's present argument that he was deprived of the opportunity to elicit evidence that would support his defense is speculative and without merit (*cf., People v Elder,* 207 AD2d 498, 499). Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.