■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS ODIOT, Appellant. [661 NYS2d 969] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 22, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly restricted his cross-examination of a prosecution witness is not

preserved for appellate review, since the grounds raised at trial differ from those raised on appeal *(see, People v Qualls,* 55 NY2d 733; *People v Dunbar,* 145 AD2d 501). In any event, the court did not improvidently exercise its discretion in limiting the defendant's cross-examination of the witness since the subject which the defense counsel sought to explore was collateral, and was not even relevant under the circumstances *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Daniels,* 225 AD2d 632; *People v Delcarpio,* 221 AD2d 359; *People v Taylor,* 214 AD2d 757).

The defendant's claim that the court erred in failing to give an accomplice-corroboration charge is also unpreserved for appellate review, since the defendant did not request such a charge, and failed to object to the charge as given *(see, People v Lipton,* 54 NY2d 340; *People v Martin,* 169 AD2d 784). In any event, while the failure of the court to give the charge *sua sponte* was an error under the facts of this case *(see, People v Gonzales,* 159 AD2d 721; *People v Strawder,* 124 AD2d 758, 759), reversal in the interest of justice is not warranted since the testimony of other eyewitnesses to the crime independently and overwhelmingly established the defendant as the gunman *(see, People v Ortiz,* 215 AD2d 408; *People v Winbush,* 206 AD2d 556; *People v Polhill,* 190 AD2d 692; *People v Martin, supra).*

The sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.