■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR FERNANDEZ, Appellant. [721 NYS2d 545] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 23, 1999, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), assault in the first degree (two counts), attempted robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to

confrontation because the Supreme Court curtailed his cross-examination of a prosecution witness who allegedly had been arrested for the crime of rape. However, since the defendant did not object to the Supreme Court's refusal to allow him to ask this witness follow-up questions after the witness denied that he had been arrested for rape, this claim is unpreserved for appellate review (*see, People v Odiot,* 242 AD2d 308; *People v Dunbar,* 145 AD2d 501). In any event, any error in the ruling was harmless since the defendant was permitted to impeach the witness's credibility by questioning him about other criminal acts (*see, People v Dunbar, supra*), and the evidence of the defendant's guilt was overwhelming (*see, People v Crimmins,* 36 NY2d 230).

We further reject the defendant's argument that his sentence must be modified. The defendant was convicted, *inter alia,* of two counts of murder in the second degree (reckless and felony), two counts of attempted murder in the second degree, and two counts of assault in the first degree for his role in the armed robbery of a grocery store that left one employee dead and two others wounded. He contends that the Supreme Court illegally sentenced him by failing to direct that the sentences imposed for the assault of each wounded complainant run concurrently with the terms imposed for attempted murder. The People properly concede that the sentences imposed for the assault and attempted murder of each wounded complainant must run concurrently because each set of assault and attempted murder convictions arose from a single act (*see, People v Ramirez,* 89 NY2d 444; *People v Watson,* 254 AD2d 701; *People v McKithen,* 221 AD2d 476).

We find that contrary to the parties' contentions, the Supreme Court sufficiently articulated its intent that the sentences imposed for the convictions of attempted murder and assault of each wounded complainant run concurrently with each other, and consecutively to the concurrent terms imposed for the murder of the deceased victim. We further note that the Supreme Court properly directed that the concurrent terms imposed on the convictions of the attempted murder and assault of one wounded complainant run consecutively to the concurrent terms imposed for the attempted murder and assault of the second wounded complainant, and consecutively to the terms imposed on the conviction of murder, since the offenses stemmed from the shooting of three different individuals (*see, People v Ramirez, supra; People v Watts,* 251 AD2d 687). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.