■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPRAGION, Appellant. [733 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 13, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the presentation of all of the evidence at trial, juror number six sent a note asking the Trial Judge if she could "vote undecided." The Trial Judge responded by re-reading to all of the jurors, with the consent of the defense counsel, its concluding instructions on how they should try to reach a unanimous verdict without relinquishing any strongly-held beliefs. Thereafter, juror number seven sent a note complaining that juror number six was not cooperating with the other jurors in their discussion of the issues. The Trial Judge again instructed the jurors on their duty to deliberate, to try to agree, but not to relinquish their honest convictions. The Trial Judge concluded by re-reading its charge on reasonable doubt.

The defendant failed to preserve for appellate review his current claims that the Trial Judge's instructions were not responsive to the jurors' notes, lowered the prosecution's burden of proof, and coerced a verdict (*see,* CPL 470.05 [2]). Moreover, the defense counsel did not ask the Trial Judge to question juror number six in camera to ascertain her psychological stability (*see, People v Jackson,* 76 NY2d 908; *People v Pacheco,* 156 AD2d 593).

In any event, the defendant's contentions are without merit, as the instructions were proper, addressed the jurors' concerns, and did not lower the prosecution's burden of proof (*see, People v Weinberg,* 83 NY2d 262, 267; *People v Ali,* 47 NY2d 920, 921; *People v Acosta,* 182 AD2d 768). The Trial Judge, who observed juror number six throughout the trial, considered her fit (*see, People v Moore,* 242 AD2d 882; *People v Glover,* 237 AD2d 104).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.