■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM MAYO, Appellant. [792 NYS2d 347]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 17, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly curtailed his right of cross-examination is unpreserved for appellate review (*see People v Lyons,* 81 NY2d 753, 754 [1992]; *People v Iannelli,* 69 NY2d 684, 685 [1986], *cert denied* 482 US 914 [1987]; *People v Odiot,* 242 AD2d 308 [1997]; *People v McEachern,* 237 AD2d 381 [1997]; *People v Dunbar,* 145 AD2d 501 [1988]). In any event, the trial court providently exercised its discretion in limiting the defendant's cross-examination of the eyewitness (*see People v Odiot, supra; People v McEachern, supra; People v Daniels,* 225 AD2d 632 [1996]; *People v Delcarpio,* 221 AD2d 359, 360 [1995]; *People v Taylor,* 214 AD2d 757 [1995]).

Contrary to the defendant's contention, the defendant was afforded meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-714 [1998]; *People v Rivera,* 71 NY2d 705, 708-709 [1988]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The defendant's remaining contentions either are unpreserved for appellate review, without merit, or do not warrant reversal. Florio, J.P., Krausman, Rivera and Fisher, JJ., concur.