■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN WARMUS, Appellant. [818 NYS2d 296]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered June 26, 1992, convicting her of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of January 15, 1989 the victim was killed by multiple gunshots. The evidence established that the victim's husband and the defendant had started a relationship in the fall of 1987, and the defendant's friends testified that the defendant had become obsessed with the victim's husband, a fellow teacher, and had expressed an ardent desire to take the victim's place in his family. The evidence also established that Vincent Parco, a private investigator, sold the defendant the gun and silencer that fired the bullets that killed the victim. Further, on the day of the murder, a person using for identification a driver's license stolen from the defendant's female coworker purchased a box of the same type of ammunition that was used to kill the victim. The New Jersey gun shop that sold the ammunition had been called earlier that day from the defendant's home telephone. It was also established that the defendant purchased a pair of gloves of the same type as a glove that had become trapped underneath the victim's body. A glove identified as that glove and admitted into evidence at trial contained fibers that were consistent with fibers found on the victim's hands.

The defendant failed to preserve for appellate review her contention that the evidence was not legally sufficient to establish her guilt beyond a reasonable doubt (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]; *see also People v Grassi*, 92 NY2d 695, 697 [1999]; *People v Norman*, 85 NY2d 609, 620-621 [1995]; *People v Cabey*, 85 NY2d 417, 421 [1995]; *People v Williams*, 84 NY2d 925, 926 [1994]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the court properly admitted the glove into evidence.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions, contained in her pro se brief, that testimony as to the defendant's August 1989 trip to Puerto Rico was improperly admitted into evidence, that the court improperly excluded evidence of her polygraph test, that the trial publicity deprived her of a fair trial, and that the jury improperly reached its verdict before the completion of requested read-backs of testimony are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Reyes*, 4 AD3d 541 [2004];

*People v Spragion*, 288 AD2d 498 [2001]; *People v Cham*, 259 AD2d 492 [1999]; *People v Williams*, 220 AD2d 549 [1995]) and, in any event, are without merit.

The defendant's contentions, contained in her pro se brief, that the court improperly admitted the defendant's audiotaped statement into evidence and allowed the jurors to utilize a transcript of the statement while listening to the tape, that the court erred in allowing the People to withdraw their motion to dismiss the count charging her with criminal possession of a weapon in the second degree, that the defendant's conviction was improper because it is based on an "inference on an inference," that the court improperly denied both of the defendant's mistrial motions, that the court improperly excluded evidence of a telephone call placed from Parco's office to a telephone number in Plainview, New Jersey, on the day of the murder, that the court erroneously excluded evidence of Parco's bankruptcy and employment files, and that the defendant was impermissibly prejudiced by the court's exclusion of certain extrinsic evidence regarding Parco, are without merit.

The defendant's remaining contentions contained in her pro se brief cannot be reviewed on this appeal as they are based on matter dehors the record (*see Merkle v Merkle*, 91 NY2d 884 [1998]; *People v Bell*, 287 AD2d 460 [2001]; *People v McKithen*, 221 AD2d 476, 477 [1995]; *People v Drummond*, 104 AD2d 825, 826 [1984]). Florio, J.P., Adams, Luciano and Fisher, JJ., concur.