■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HAYNES, Appellant. [833 NYS2d 193]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 10, 2004, convicting him of manslaughter in the first degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove the element of intent beyond a reasonable doubt, and thus, the evidence was legally insufficient to prove manslaughter in the first degree. This contention, however, is not preserved for appellate review because defense counsel failed to advance this specific argument in his motion to dismiss the charges of murder in the second degree and manslaughter in the first degree (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885, 886 [1991]; *People v Udzinski*, 146 AD2d 245, 247 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), and giving it the benefit of every reasonable inference to be drawn therefrom (*see People v Wilson*, 195 AD2d 493, 494 [1993]), we find that the defendant's intent to cause serious physical injury to the victim could reasonably be inferred from the testimony that he drove his car across the parking lot straight into the victim (*see People v Ollman*, 309 AD2d 1241 [2003]; *People v Douglas*, 291 AD2d 455 [2002]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the court erred in admitting into evidence a 911 tape on which one of the witnesses could be heard voicing her opinion that the defendant purposely drove into the victim. We agree. "[L]ay persons have been permitted to give opinion evidence . . . when the subject matter of the testimony was such that it would be impossible to accurately describe the facts without stating an opinion or impression" (*People v Russell*, 165 AD2d 327, 332 [1991], *affd* 79 NY2d 1024 [1992] [internal quotation marks omitted]; *see Kravitz v Long Is. Jewish-Hillside Med. Ctr.*, 113 AD2d 577, 581-582 [1985]). Here, contrary to the People's assertion, it cannot be said that the witness's opinion or impression that the defendant hit the victim purposely was necessary to accurately describe the facts. However, in view of the overwhelming evidence of intent, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The defendant failed to demonstrate that he was substantially prejudiced by the prosecutor's remarks on summation (*see*

*People v Galloway,* 54 NY2d 396, 401 [1981]; *People v White,* 196 AD2d 641, 641 [1993]; *People v Torres,* 121 AD2d 663, 663-664 [1986]), or that any possible prejudice was not cured when the court sustained the defendant's objections and added a curative instruction to counter the remarks attempting to shift the burden of proof (*see People v Santiago,* 52 NY2d 865, 866 [1981]; *People v Gill,* 20 AD3d 434, 435 [2005]; *People v Cabrera,* 11 AD3d 552, 553 [2004]).

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's alleged failure to investigate and call certain witnesses, involves matters which are dehors the record and are not properly presented on direct appeal (*see People v Zimmerman,* 309 AD2d 824, 824 [2003]; *People v Carlisle,* 272 AD2d 477, 477 [2000]; *People v Boyd,* 244 AD2d 497, 497 [1997]). The record otherwise fails to support the defendant's claim since it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's contention that the trial court improperly curtailed his right of cross-examination is unpreserved for appellate review (*see People v Lyons,* 81 NY2d 753, 754 [1992]; *People v Fernandez,* 280 AD2d 680, 681 [2001]; *People v Odiot,* 242 AD2d 308, 308-309 [1997]). In any event, the court overruled a number of the prosecutor's objections to defense counsel's cross-examination and granted the defendant greater latitude than was required under the circumstances. The court properly sustained additional objections in order to prevent repetition and to protect the jury from being misled (*see People v Paixao,* 23 AD3d 677, 678 [2005]; *People v McEachern,* 237 AD2d 381, 381 [1997]; *People v Ashner,* 190 AD2d 238, 246 [1993]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.