◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FORINO, Appellant. [833 NYS2d 603]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered February 24, 2005, convicting him of criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), pursuant to a stipulation in lieu of motions, of the suppression of physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of physical evidence found in the defendant's apartment. The People estab-

lished at the suppression hearing that an individual who shared the one-room apartment with the defendant voluntarily granted the police permission to enter the apartment and voluntarily signed a consent form authorizing a search of the apartment. "It is well settled that the police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (*People v Cosme*, 48 NY2d 286, 290 [1979]). The defendant's claim that the consent was prearranged that evening prior to the search is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Philips*, 30 AD3d 618, 619 [2006]) and, in any event, is without merit.

The defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because the testimony of the accomplice was uncorroborated. This contention, however, is unpreserved for appellate review, as the defendant failed to move for dismissal at trial on this specific ground (*see People v Gray*, 86 NY2d 10 [1995]; *People v Dobey*, 285 AD2d 655, 656 [2001]; *People v Horrego*, 280 AD2d 555, 556 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There was sufficient independent corroborative evidence tending to connect the defendant with the commission of the offense (*see* CPL 60.22 [1]; *People v Benavides*, 16 AD3d 593, 594 [2005]; *People v Pierre*, 298 AD2d 606 [2002]; *People v Rosenblitt*, 198 AD2d 382, 383 [1993]; *People v Bowen*, 133 AD2d 121, 122 [1987]).

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention that the court erred in failing to give an accomplice-corroboration charge is unpreserved for appellate review, since the defendant did not request such a charge, and failed to object to the charge as given (*see* CPL 470.05 [2]; *People v Lipton*, 54 NY2d 340, 351 [1981]; *People v Edwards*, 28 AD3d 491, 492 [2006]). Reversal in the interest of justice is not warranted (*see generally People v Odiot*, 242 AD2d 308 [1997]; *People v Winbush*, 206 AD2d 556 [1994]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.