■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CURRY, Appellant. [861 NYS2d 696]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered January 4, 2005, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Leyva,* 38 NY2d 160, 169 [1975]; *People v Gonzales,* 235 AD2d 493 [1997]; *People v Green,* 133 AD2d 170, 173 [1987]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004] *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Williams,* 301 AD2d 794, 796 [2003]; *People v Green,* 133 AD2d at 173-174; *People v Garafolo,* 44 AD2d 86, 88 [1974]).

The defendant's contention in his supplemental pro se brief that the trial court erred in failing to give an accomplice-corroboration charge to the jury is unpreserved for appellate review, since the defendant did not request such a charge and failed to object to the charge as given (*see People v Forino,* 39 AD3d 664, 665 [2007]; *People v Edwards,* 28 AD3d 491, 492 [2006]; *People v Odiot,* 242 AD2d 308, 309 [1997]). Under the circumstances, we decline to exercise our interest of justice jurisdiction to review this contention (*see People v Ortiz,* 215 AD2d 408 [1995]; *People v Mahan,* 195 AD2d 881, 882 [1993]; *People v Walker,* 87 AD2d 725, 726 [1982]).

In his supplemental pro se brief, the defendant also contends that he was denied meaningful representation by defense counsel's failure to request an accomplice-corroboration charge. Viewing the record as a whole, however, the defendant received meaningful representation (*see People v Henry,* 95 NY2d 563, 566 [2000]).

The defendant's remaining contention, raised in his supplemental pro se brief, is unpreserved for appellate review. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.