People v Vernay (2019 NY Slip Op 05905)





People v Vernay


2019 NY Slip Op 05905


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


523 KA 18-02206

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES VERNAY, DEFENDANT-APPELLANT. 






STEWART L. WEISMAN, MANLIUS, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Rory McMahon, A.J.), rendered June 29, 2017. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, refusal to submit to a breath test and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]). The case arose from an incident in which defendant drove his vehicle off the side of a highway while striking and threatening to kill his passenger. Immediately after the vehicle came to a stop in a field, the passenger fled on foot and called 911. During the 911 call, the passenger stated, inter alia, that she and defendant were both intoxicated. After defendant failed field sobriety tests, he was transported to the police station, where he refused a chemical test.
We reject defendant's contention that County Court abused its discretion in allowing the 911 operator's testimony because it violated the best evidence rule and the rule against hearsay. Because the People introduced the operator's testimony to prove the content of her conversation with the passenger, a fact existing independently of the 911 recording, "the best evidence rule was inapplicable and the conversation could be testified to by anyone who heard it" (People v Torres, 118 AD2d 821, 822 [2d Dept 1986], lv denied 68 NY2d 672 [1986]; see People v Lofton, 226 AD2d 1082, 1082 [4th Dept 1996], lv denied 88 NY2d 938 [1996], reconsideration denied 88 NY2d 1022 [1996]). Furthermore, the admission of the testimony as an excited utterance was not an abuse of discretion in light of "the nature of the startling event, the amount of time between the event and the statement, and the activities of the declarant in the interim" (People v Hernandez, 28 NY3d 1056, 1057 [2016]; see People v Carrasquillo-Fuentes, 142 AD3d 1335, 1337 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]).
Contrary to defendant's further contention, the court properly assigned counsel to represent the passenger. Here, "the prosecutor's obligation to warn potential witnesses of their possible liability for false statements under oath . . . [was not] emphasized to the point' where it became an instrumen[t] of intimidation' " (People v Buszak [appeal No. 2], 185 AD2d 621, 621 [4th Dept 1992], quoting People v Shapiro, 50 NY2d 747, 761-762 [1980]).
Defendant next contends that the court violated his constitutional rights by initially declining to charge the jury with respect to consciousness of guilt (see CJI2d[NY] Consciousness of Guilt) because that ruling forced him to testify in order to provide a basis for the charge (see generally US Const 5th Amend). Even assuming, arguendo, that the court's ruling was error, that error was harmless (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Finally, we have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court