■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MARMULSTEIN, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 1, 1983, upon a verdict convicting defendant of the crimes of burglary in the second degree and conspiracy in the fourth degree.

Defendant and three others, including one Steven Jung, were charged in a three-count indictment with burglary in the second degree, robbery in the second degree and conspiracy in the fourth degree based upon the theft of money from the home of Ruth Kahl (now deceased) at 28 Grant Avenue in the City of Albany on February 20, 1983. During the course of a jury trial, the trial court agreed not to submit the robbery count to the jury. Ultimately, the jury returned a verdict convicting defendant on both the burglary and conspiracy counts, giving rise to this appeal.

Defendant principally maintains that there was insufficient corroborating evidence to sustain the conviction (see, CPL 60.22). At trial, the two primary witnesses for the People were Tracy Hunt and Tammy Smith, both of whom pleaded guilty to charges emanating from this incident and were held to be accomplices as a matter of law. Essentially, these two witnesses testified that on the evening of February 19, 1983, defendant, Hunt, Smith and Jung were at 126 Sherman Street in the City of Albany, where all four lived together. Apparently in need of rent money, Hunt suggested that they could obtain money at the home of her grandmother, Ruth Kahl. The four proceeded in Jung's car to the vicinity of Kahl's residence, at which time Jung and defendant exited the vehicle, agreeing to meet the accomplice at a nearby bowling alley upon completion of the burglary. After approximately 30 to 40 minutes, defendant and Jung arrived at the bowling alley, and all four participants returned to the Sherman Street residence to split up the money. Defendant purportedly told Hunt that the phone line at Kahl's home had been cut, but that they had not injured the woman. On February 23, 1983, the police arrived at the Sherman Street residence to speak with Hunt. Detective John Bounds testified that, upon their arrival, defendant released two large guard dogs from the house and prohibited Hunt from allowing the detectives to enter. At this point, Hunt agreed to accompany the police and thereafter made a statement implicating herself, Smith, Jung and defendant. Prior to Hunt's arrest, both accomplices testified that defendant drove them to his parent's residence, also in Albany, where some of the stolen cash was hidden. A subsequent search of this residence failed to recover the money allegedly hidden.

CPL 60.22 (1) prohibits a conviction "upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission" of the crime. The corroboration must flow from truly independent evidence of a material fact tending to implicate the defendant (*see, People v Glasper,* 52 NY2d 970, 971; *People v Kress,* 284 NY 452, 460). Where, as here, the accomplices concededly testified under an expectation of leniency, their testimony is particularly suspicious (*see, e.g., People v Berger,* 52 NY2d 214, 218-219; *People v Daniels,* 37 NY2d 624, 629). The People contend that defendant's reaction to the arrival of the police at his residence on February 23, 1983 reveals a consciousness of guilt that satisfies the corroboration requirement of CPL 60.22. Such evidence, however, has traditionally been considered weak (*see, People v Moses,* 63 NY2d 299, 308-309), particularly where the incident relied on to establish guilt occurred several days after the crime in question and away from the crime scene. In our view, the nexus between this confrontation and the subject crime is too minimal to supply the necessary corroboration (*supra*).

The People also rely on several other factors to establish corroboration, including (1) the close relationship between defendant and Smith, who were engaged to be married, (2) the independent testimony establishing that the telephone wire in the Kahl home was cut, (3) the fact that Steven Jung's vehicle, allegedly utilized during the burglary, was registered under the address of defendant's parents, and (4) the fact that Hunt was seen at the bowling alley at the approximate time of the burglary and observed the next day using large bills to purchase drinks at a local bar. Neither separately nor in combination do these factors suffice to meet the statutory requirements. Defendant's association with the accomplice, in and of itself, does not independently establish any criminal activity on his part (*People v Nieto,* 97 AD2d 774, 775). The remaining factors merely tend to establish the credibility of the accomplice (*see, People v Kress, supra,* p 460; *People v Wasserman,* 46 AD2d 915, 916), but do not reasonably tend to connect defendant with the commission of the crime.

In sum, there was no corroborative evidence as a matter of law and the case should not have been submitted to a jury (*People v Nieto, supra; cf. People v Jones,* 76 AD2d 1007). The conviction should therefore be reversed and the indictment dismissed (CPL 470.20 [2]). Having so concluded, we need not reach any of defendant's remaining contentions.

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.