■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WHITE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered January 17, 1989, convicting him of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of burglary in the second degree and petit larceny because it consisted of uncorroborated accomplice testimony *(see,* CPL 60.22 [1]) is without merit. Although the People's case was based largely upon accomplice testimony, that testimony was sufficiently corroborated by independent evidence tending to connect the defendant to the commission of the offense of which he was convicted *(see,* CPL 60.22 [1]; *People v Glasper,* 52 NY2d 970). That evidence established that the defendant was seen with the accomplice, who was carrying a television that was identified as having been taken from the burgled premises, on the day of the burglary and several blocks from the crime scene. The defendant was carrying a white pillowcase containing same unidentified articles, and the complainant testified that her white pillowcase was missing after the burglary. When a police officer stopped the defendant and his accomplice, the defendant gave the officer a false name and left the officer's presence without returning as promised. This independent evidence sufficiently "tends to connect the defendant to the crime so as to reasonably satisfy the [trier of fact] that the accomplice is telling the truth (e.g., *People v Cunningham,* 48 NY2d 938, 940)" *(People v Glasper, supra,* at 971), and therefore provides sufficient corroboration to meet the dictates of CPL 60.22 (1) *(see, People v Lewis,* 105 AD2d 758; *People v Pasciuta,* 104 AD2d 1010; *People v Nieto,* 97 AD2d 774).

The defendant's remaining contention has not been preserved for appellate review *(see, People v McNair,* 147 AD2d 593), and we decline to review it in the exercise of our interest of justice jurisdiction. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.