■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BARBIERI, Appellant. [616 NYS2d 80] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 30, 1992, convicting him of murder in the second degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 29, 1991, at approximately 8:15 P.M., Sergio Taub was shot to death while driving his car in East Meadow, Nassau County. The defendant and four others, Miguel Berroa, Gilberto Pedro Orozco, Louis Fernandez and Zaulo Fernandez were jointly charged with Taub's murder. Orozco pleaded guilty to assault in the first degree, and became the prosecution's key witness against his alleged accomplices.

Orozco testified that he had obtained employment with the defendant in 1987. During the period of his employment, Orozco learned that the defendant was having a romantic relationship with Taub's wife. In or about June 1991, the defendant asked Orozco to help him make arrangements to have Taub murdered. The defendant then hired the Fernan-

dez brothers, Louis and Zaulo, and Miguel Berroa to commit the murder in exchange for $20,000. Orozco helped arrange the murder and delivered the money on behalf of the defendant.

Contrary to the defendant's contention, the evidence when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There was ample independent proof, including telephone records and other documentary evidence, tending to connect the defendant with his alleged co-conspirators and the commission of the crime, sufficient to meet the corroboration requirements for accomplice testimony of CPL 60.22 (1) *(see, People v Smith,* 55 NY2d 945, 946). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further reject the defendant's contention that he was improperly precluded from offering a hearsay statement from one of his alleged accomplices, Zaulo Fernandez, and a second hearsay statement from Dagoberto Solez, as declarations against penal interest. The record here establishes that the court properly exercised its discretion in denying the defendant's application. The portion of the Fernandez statement which the defendant claimed was supportive of his defense was not against the declarant's penal interests. That portion of the statement therefore failed to satisfy the reliability prong for admissibility and the defendant was properly precluded from having it introduced into evidence *(see, People v Brensic,* 70 NY2d 9, 16; *People v Thomas,* 68 NY2d 194, 198, *cert denied* 480 US 948). Solez's hearsay statement likewise failed to meet the criteria for admissibility because there was an insufficient foundation to establish that he was aware, at the time of its making, that it was against his penal interests.

The defendant's motion for a separate trial was properly denied since he and his codefendants were charged with acting in concert, the proof against all of them was supplied by the same evidence and the defendant failed to demonstrate that his defense and that of his codefendants were in irreconcilable conflict *(see, People v Mahboubian,* 74 NY2d 174; *People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.