■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN DOBEY, Appellant. [728 NYS2d 394] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered January 11, 1999, convicting him of

manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction because the testimony of his accomplice was not sufficiently corroborated (see, CPL 60.22 [1]). However, the issue is unpreserved for appellate review (see, People v Gray, 86 NY2d 10; People v Horrego, 280 AD2d 555; People v Durant, 186 AD2d 673; People v Coico, 176 AD2d 339; People v Udzinski, 146 AD2d 245), as the defendant failed to move in the trial court for dismissal on this specific ground. In any event, the contention is without merit. The accomplice testimony was sufficiently corroborated by independent evidence which connected the defendant to the crime of which he was convicted (see, CPL 60.22 [1]; People v Breland, 83 NY2d 286; People v Steinberg, 79 NY2d 673; People v White, 169 AD2d 798).

The defendant also contends that the verdict was against the weight of the evidence because the testimony of the defendant's accomplice and a corroborating witness was not credible. However, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84; People v Garcia, 232 AD2d 578). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.