THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ROBINSON, Appellant. [746 NYS2d 31]

The defendant was the leader of a drug-selling organization that operated out of an apartment building from 1993 to 1999. Over the course of several months of surveillance, a police sergeant often observed the defendant in front of the building for hours, polishing his car and talking to individuals later identified as members of the drug organization. As part of the police investigation, officers discovered a cache of weapons in apartment 2G, and crack cocaine and drug paraphernalia in apartment 6H of the subject building.

At trial, four accomplices testified that the defendant was the leader of the organization, that he would supply them with drugs to sell and in turn collect the proceeds, and that he stored guns in apartment 2G and drugs in apartment 6H. This testimony was corroborated by the sergeant who observed the defendant in front of the building during the course of several months, and by one of the accomplices, who testified regarding the defendant's assault on him.

The defendant contends that the evidence adduced at the trial was insufficient to corroborate the testimony of his four accomplices, as required under CPL 60.22 (1), regarding his guilt of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. We agree only to the extent that the accomplice testimony was not sufficiently corroborated by other evidence to support the convictions of criminal possession of a weapon in the third degree.

Pursuant to CPL 60.22 (1), "[a] defendant may not be convicted of any offense upon the testimony of an accomplice

unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." The corroborative evidence need not establish all the elements of the offense, but rather, it must tend to connect the defendant to the crime charged (*see* CPL 60.22 [1]; *People v Besser,* 96 NY2d 136, 143-144; *People v Steinberg,* 79 NY2d 673, 683; *People v Breland,* 83 NY2d 286, 292-293). Further, "[s]eemingly insignificant matters may harmonize with the accomplice narrative so as to provide the necessary corroboration * * * [and] [s]o long as the statutory minimum is met, it is for the jury to decide whether the corroboration satisfies them that the accomplice is telling the truth" (*People v Steinberg, supra* at 683).

Here, the accomplice testimony with respect to the conviction of criminal possession of a controlled substance in the third degree was corroborated by the nonaccomplice portion of the testimony provided by one of the accomplices concerning the defendant's assault upon him based upon the defendant's suspicion that the accomplice stole drugs and money from him.

However, there is no allegation that the defendant was ever present or observed in apartment 2G, where the guns were found. Further, there is no allegation that the defendant was ever observed in possession of a firearm. While two accomplices testified that the guns were in apartment 2G, neither the recovery of weapons by the police pursuant to a search warrant, the testimony of the sergeant regarding his observation of the defendant at different times in front of the building, nor the portion of the testimony of one of the accomplices concerning his assault by the defendant, even when considered cumulatively, was sufficient to provide independent corroboration connecting the defendant to the possession of weapons. Accordingly, the defendant's convictions of criminal possession of a weapon in the third degree under counts 15 and 17 of the indictment must be vacated and those counts dismissed (*see People v Argueta,* 192 AD2d 538). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.