■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WATKINS, Appellant. [772 NYS2d 601]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered March 27, 2002, convicting him of gang assault in the first degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to sustain his conviction is partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant aided two girls who, with his encouragement, slashed the face of the victim with razor blades he provided, drove the girls to and from the shopping mall where the incident occurred, and was in a position "ready, willing or able" to aid in the commission of the crime (*People v Washing-*

*ton,* 283 AD2d 661, 662 [2001]; *People v Coulter,* 240 AD2d 756, 757 [1997]; *People v Wooten,* 214 AD2d 596 [1995]). In addition, the testimony from the accomplice witnesses was sufficiently corroborated by evidence from an independent source, tending to "connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice[s] [were] telling the truth" (*People v Daniels,* 37 NY2d 624, 630 [1975]; *see* CPL 60.22 [1]; *People v Singleton,* 144 AD2d 504 [1988]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are not preserved for appellate review, without merit, or constitute harmless error. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.