■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BENAVIDES, Appellant. [792 NYS2d 138]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered May 14, 2003, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his supplemental pro se

brief, that he was deprived of the right to testify before the grand jury, is unpreserved for appellate review and, in any event, is based on matter dehors the record (*see People v Santana,* 279 AD2d 641 [2001]).

The defendant contends that during redirect examination of a prosecution witness, the prosecutor improperly elicited testimony of a prior uncharged crime by the defendant (*see People v Alvino,* 71 NY2d 233, 241 [1987]). Following this testimony, the court issued a curative instruction to the jury, striking the question and answer from the record. This prompt curative action was sufficient to remedy any error (*People v Santiago,* 52 NY2d 865, 866 [1981]; *People v O'Garro,* 293 AD2d 763 [2002]).

Contrary to the defendant's contention, the accomplice testimony at trial was supported by sufficient independent corroborative evidence tending to connect him to the crime (*see* CPL 60.22; *People v Besser,* 96 NY2d 136 [2001]; *People v Breland,* 83 NY2d 286 [1994]; *People v Glasper,* 52 NY2d 970 [1981]; *People v Hudson,* 51 NY2d 233 [1980]). Furthermore, the case was not so complex that the court erred in failing to marshal the evidence (*see* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667 [1984]; *People v Bowser,* 287 AD2d 647 [2001]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including the remainder of those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.