■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MAELIA, Appellant. [829 NYS2d 672]—Appeal by the defendant from a judgment of the County Court, Orange County

(DeRosa, J.), rendered November 21, 2005, convicting him of grand larceny in the second degree, grand larceny in the third degree (three counts), and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because the testimony of the accomplice was uncorroborated is unpreserved for appellate review, as the defendant failed to move in the trial court for dismissal on this specific ground (see *People v Gray,* 86 NY2d 10 [1995]; *People v Dobey,* 285 AD2d 655, 656 [2001]; *People v Horrego,* 280 AD2d 555 [2001]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There was sufficient independent corroborative evidence tending to connect the defendant with the commission of the offense (see CPL 60.22 [1]; *People v Benavides,* 16 AD3d 593, 594 [2005]; *People v Pierre,* 298 AD2d 606 [2002]; *People v Rosenblitt,* 198 AD2d 382, 383 [1993]; *People v Bowen,* 133 AD2d 121, 122 [1987]).

The defendant's remaining contentions, that he was denied his right to a fair trial as a result of the court's excessive interference in the examination of a prosecution witness, and that the court improperly limited his cross-examination of that witness, are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.