THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GOMEZ, Appellant. [833 NYS2d 601]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered February 3, 2006, convicting him of criminal possession of a forged instrument in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On appeal, the defendant contends, inter alia, that the evidence adduced at trial was insufficient to corroborate the testimony of his accomplices as required by CPL 60.22. Pursuant to CPL 60.22 (1), "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." The corroborative evidence need not establish all the elements of the offense, but rather, it must tend to connect the defendant to the crime charged (*see* CPL 60.22 [1]; *People v Besser,* 96 NY2d 136, 143-144 [2001]; *People v Steinberg,* 79 NY2d 673, 683 [1992]; *see also People v Breland,* 83 NY2d 286, 292-293 [1994]). We find that the testimony of the defendant's accomplices in this case was not sufficiently corroborated to sustain his conviction of criminal possession of a forged instrument in the first degree.

The defendant was charged with criminal possession of a forged instrument in the first degree for allegedly acting in concert with another to purchase a cell phone at a retail store with counterfeit money. The incident allegedly took place on November 18, 2004. The evidence at trial included the testimony of Robert McManus and Joseph Broccolo. In its charge, the court instructed the jury that both of these witnesses were accomplices whose testimony had to be "corroborated by other evidence tending to connect the defendant with the commission of the crime."

At trial, the two accomplices testified to a general arrange-

ment whereby they purchased items at various retail stores with counterfeit currency printed by the defendant after which they returned the product purchased and any change to the defendant. In exchange, the defendant provided the accomplices with drugs. Only one of the accomplices, McManus, further testified about the alleged incident on November 18, 2004, which led to the defendant's arrest. McManus testified that he and the defendant went to a retail store on that day in order to purchase a cell phone for the defendant with counterfeit currency that was printed by the defendant.

Contrary to the People's contention, the testimony of the defendants' accomplices was not sufficiently corroborated by additional, independent evidence tending to connect the defendant to the crime charged (*see e.g. People v Robinson,* 297 AD2d 296 [2002]). The additional evidence at trial demonstrated that McManus paid for the cell phone by tendering counterfeit money to the store's cashier. The defendant, on the other hand, tendered only genuine currency to the cashier. The additional evidence merely established that the defendant was present at the scene of the crime, which, under the circumstances of this case, was not sufficient to corroborate the accomplice testimony regarding the commission of the crime (*see People v Moses,* 63 NY2d 299, 307 [1984]). Moreover, where, as here, both accomplices have secured reduced exposure to criminal liability for their cooperation with the prosecution, their testimony is subject to particular scrutiny (*see People v Daniels,* 37 NY2d 624 [1975]; *see also People v Berger,* 52 NY2d 214, 218-219 [1981]).

In sum, the record does not contain sufficient evidence, independent of the accomplice testimony, tending to connect the defendant with the commission of the crime. Accordingly, the evidence adduced at trial was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt and the judgment must be reversed.

In light of this determination, it is unnecessary to address the remaining contentions. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.