■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MONTEFUSCO, Appellant. [843 NYS2d 671]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 6, 2006, convicting him of burglary in the third degree (three counts), receiving reward for official misconduct in the second degree (three counts), official misconduct (six counts), and criminal facilitation in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions on counts six through fifteen of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant, a former Suffolk County Police Officer, was convicted, after a jury trial, of burglary in the third degree and related offenses in connection with the November 1999 burglary of a King Kullen supermarket, and two additional burglaries

and related charges involving incidents that occurred in July 2000 at a Jiffy Lube store and at a bar called Parsnips. In each case, the crimes allegedly were committed by a number of individuals acting in concert with the defendant, who, in each instance, acted primarily as a lookout.

The defendant contends that the accomplice testimony upon which the People relied to establish his participation in the three burglaries was insufficiently corroborated and, therefore, the evidence was legally insufficient to support the convictions. In New York, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). Although the corroborative evidence need not establish each element of the offense, it must tend to connect the defendant to the crime charged (*see People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Breland*, 83 NY2d 286, 292-293 [1994]; *People v Steinberg*, 79 NY2d 673, 683 [1992]; *People v Robinson*, 297 AD2d 296, 297 [2002]). " 'Matters in themselves of seeming indifference . . . may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between the defendant and the crime' " (*People v Morhouse*, 21 NY2d 66, 74 [1967], quoting *People v Dixon*, 231 NY 111, 116-117 [1921]). "So long as the statutory minimum is met, it is for the jury to decide whether the corroboration satisfies them that the accomplice is telling the truth" (*People v Steinberg*, 79 NY2d at 683; *see People v Robinson*, 297 AD2d at 297).

Contrary to the defendant's contention, the accomplice testimony regarding the King Kullen burglary was sufficiently corroborated at the trial by testimony from nonaccomplice witnesses establishing, inter alia, that the defendant was near the scene at the time of the burglary, that he took it upon himself to respond to several reports of burglar alarms being triggered at the premises, that he falsely reported that the location was secure, and that he discouraged other police units from responding. There was also independent evidence that one of the accomplices was a friend of his and the co-owner of a business that had paid him money (*see* CPL 60.22). Thus, we find that the verdict of guilt on counts one through five of the indictment, charging the burglary of the King Kullen supermarket and related crimes, is supported by legally sufficient evidence (*see People v Forino*, 39 AD3d 664 [2007], *lv denied* 9 NY3d 865 [2007]; *People v Maelia*, 37 AD3d 619 [2007]; *People v Watkins*, 5 AD3d 510 [2004]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the

verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

With respect to the Jiffy Lube and Parsnip burglaries, however, we agree with the defendant's contention that the proof offered to corroborate the accomplice testimony fell short of the statutory minimum (*see* CPL 60.22) and, therefore, the convictions relating to those two incidents were not supported by legally sufficient evidence. The fact that two eyewitnesses saw two unidentified individuals inside the Jiffy Lube store on the night it was burglarized, and evidence that the defendant owned a Nissan Xterra, which was the same type of car one of the accomplices allegedly saw him driving on the night of the Parsnips burglary, are insufficient, without more, to connect the defendant to those crimes. Moreover, in light of the time span between the King Kullen burglary and the two other charged burglaries, and the different alleged participants, the corroborative evidence sufficient to support the convictions for the crimes committed at the King Kullen supermarket cannot serve, standing alone, to support the convictions arising out of the other two incidents (*cf. People v Glanda*, 5 AD3d 945, 952 [2004]; *People v Spencer*, 272 AD2d 682, 684 [2000]). Accordingly, the defendant's convictions under counts six through fifteen of the indictment must be vacated and those counts dismissed (*see People v Robinson*, 297 AD2d 296 [2002]).

The defendant's challenge to the court's circumstantial evidence charge, as well as his claims of prosecutorial misconduct, are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, do not warrant reversal. We note that inasmuch as this was not a wholly circumstantial case, no special charge on circumstantial evidence was required (*see People v Daddona*, 81 NY2d 990 [1993]; *People v Wiggins*, 31 AD3d 584 [2006]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.