Moreover, the defendant's contention that the County Court erred in summarily denying that branch of his omnibus motion which was to suppress physical evidence without a hearing is also without merit. "Hearings are not automatic or generally available for the asking by boilerplate allegations" (*People v Mendoza,* 82 NY2d 415, 422 [1993]). The defendant failed to deny the People's allegations that he had sold cocaine to confidential informants on four separate occasions, and thus failed to raise any issue of fact requiring a *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]) regarding probable cause (*cf. People v Burton,* 6 NY3d 584, 587 [2006]).

The defendant's contention that the County Court erred in denying his motion for a mistrial on the ground that the People had placed the defendant's prior uncharged crimes before the jury without a *Molineux* hearing (*see People v Molineux,* 168 NY 264 [1901]) is without merit. The People did not introduce any evidence of prior uncharged crimes (*see generally People v Molineux,* 168 NY at 293; *see also People v Manino,* 306 AD2d 542 [2003]; *People v Balazs,* 258 AD2d 658, 659 [1999]; *People v Cornish,* 280 AD2d 552, 553 [2001]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AQUILES DELGADO, Appellant. [855 NYS2d 253]—

Appeals by the defendant from (1) a judgment of the County Court, Rockland County (Kelly, J.), rendered February 23, 2004, as amended after resentencing on August 15, 2005, and February 5, 2007, pursuant to the Drug Law Reform Acts of 2004 and 2005 (L 2004, ch 738; L 2005, ch 643) respectively, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, under indictment No. 174/03, upon a jury verdict, and (2) a judgment of the same court, also rendered February 23, 2004, convicting him of conspiracy in the fourth degree, under indictment No. 167/03, upon his plea of guilty, and imposing sentences.

Ordered that the judgment, as amended, rendered under indictment No. 174/03, is modified, on the law, by vacating the convictions of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree, and the sentences imposed thereon; as so modified, the judgment is affirmed, and those counts of the indictment are dismissed; and it is further,

Ordered that the judgment rendered under indictment No. 167/03 is reversed, the defendant's plea of guilty and the sentence imposed thereon are vacated, and the matter is remitted to the County Court, Rockland County, for further proceedings in accordance herewith.

The defendant was charged under indictment No. 174/03 with having acted in concert with codefendants Eduardo Cortes, Lloyd Keyes, and Jose Rodriguez to sell more than two ounces of cocaine to an undercover police officer on February 14, 2003. All three codefendants pleaded guilty to reduced charges prior to the defendant's trial, and were the primary witnesses against him. According to this accomplice testimony, the cocaine was prepared and packaged at Cortes's apartment on the afternoon

of the sale. Cortes diluted the cocaine by mixing it with crushed inositol vitamin pills, and the defendant then allegedly compressed the mixture with a hand vise so that it would appear to be in rock form.

In addition to the accomplice testimony of the codefendants, the prosecution presented evidence that an analysis of the cocaine sold to the undercover officer revealed the presence of inositol, which is a common cutting agent. Furthermore, Cortes's girlfriend testified that she had seen the defendant in Cortes's apartment on the morning of the sale, as well as on prior occasions. However, she never observed any drug-packaging activities taking place, and left the apartment several hours before the codefendants Keyes and Rodriguez arrived to pick up the packaged cocaine for sale to the undercover police officer. A search warrant executed at Cortes's apartment approximately six weeks after the sale resulted in the recovery of drug paraphernalia, including scales, several bottles of inositol powder, and additional cocaine.

At the close of the People's case, the defendant moved to dismiss all counts against him stemming from the February 14, 2003 cocaine sale upon the ground that there was insufficient independent evidence corroborating the accomplice testimony of his codefendants. The trial court denied the defendant's motion, and thereafter he was found guilty of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second and third degrees in connection with the subject sale.

On appeal, the defendant continues to maintain that the prosecution failed to present sufficient corroborative evidence to establish his guilt of the counts of the indictment relating to the February 14, 2003 sale. We agree. In New York, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]; *see People v Besser,* 96 NY2d 136, 143 [2001]; *People v Montefusco,* 44 AD3d 879 [2007]). "The corroboration must be independent of, and may not draw its weight and probative value from, the accomplice's testimony" (*People v Steinberg,* 79 NY2d 673, 683 [1992]; *see People v Moses,* 63 NY2d 299, 306 [1984]). Although the corroborative evidence need not establish every element of the crimes charged, it must tend to connect the defendant to the offenses (*see People v Besser,* 96 NY2d at 143-144; *People v Breland,* 83 NY2d 286, 294 [1994]; *People v Montefusco,* 44 AD3d 879 [2007]).

Here, the testimony of the defendant's three accomplices was

not sufficiently corroborated by additional independent evidence to sustain the defendant's conviction of the counts of the indictment stemming from the February 14, 2003 sale. While the testimony of Cortes's girlfriend established that the defendant was in Cortes's apartment on the morning of the sale, it did not provide independent evidence that the defendant was in the apartment later in the day when the cocaine was being packaged for sale, or connect him to the drug operation in any manner. Furthermore, the evidence that the cocaine sold to the undercover officer was diluted with inositol, and the recovery of drug paraphernalia and additional cocaine from Cortes's apartment pursuant to a search warrant executed approximately six weeks after the sale, did not constitute independent corroboration connecting the defendant with the drug packaging activities that occurred in Cortes's apartment prior to the sale. Accordingly, the defendant's convictions of criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the second and third degrees, which stem from the subject sale, must be vacated and those counts of the indictment dismissed (*see People v Montefusco,* 44 AD3d 879 [2007]; *People v Gomez,* 39 AD3d 668 [2007]; *Matter of Shakir J.,* 8 AD3d 281 [2004]; *People v Robinson,* 297 AD2d 296 [2002]). We note that the defendant's remaining conviction of criminal possession of a controlled substance in the seventh degree under indictment No. 174/03 was not connected to the sale on February 14, 2003 and thus need not be vacated.

The defendant entered his plea of guilty under indictment No. 167/03 in consideration of a promise that he would receive a sentence of two to four years of imprisonment to run concurrently with the sentences imposed for the four offenses for which he was convicted under indictment No. 174/03. "[W]hen a guilty plea is induced by the court's explicit promise that the defendant will receive a lesser sentence to run concurrently with a sentence in another case, and that conviction is overturned, the defendant may withdraw his plea and face the indictment, since the promise cannot be kept" (*People v Pichardo,* 1 NY3d 126, 129 [2003]; *see People v Rowland,* 8 NY3d 342 [2007]). Under the circumstances, since we are vacating all but one of the defendant's convictions under indictment No. 174/03, leaving only the misdemeanor conviction for which he was sentenced to one year of imprisonment, the defendant should have been permitted to withdraw his plea (*see People v Rowland,* 8 NY3d 342 [2007]; *People v Pichardo,* 1 NY3d 126 [2003]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.