(July 10, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN J. REOME, Appellant. [883 NYS2d 419]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 19, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts) and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial with two codefendants, of three counts of rape in the first degree (Penal Law § 130.35 [1]) and one count of conspiracy in the fourth degree (§ 105.10 [1]). We previously rejected the contention of one of the codefendants on his appeal that County Court abused its discretion in denying his motion to sever his trial from that of defendant and the other codefendant (*People v Buccina*, 62 AD3d 1252 [2009]), and we likewise conclude here that the court did not abuse its discretion in denying the motion of defendant to sever his trial from that of his codefendants. "The evidence against defendant and his codefendants was essentially identical, and the respective defenses were not in irreconcilable conflict" (*id.* at 1253; *see People v Bolling*, 49 AD3d 1330, 1332 [2008]; *cf. People v Cardwell*, 78 NY2d 996, 997-998 [1991]; *see generally People v Mahboubian*, 74 NY2d 174, 184-185 [1989]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The testimony of the People's witnesses was not so unworthy of belief as to be incredible as a matter of law . . . and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Rufus*, 56 AD3d 1175, 1175 [2008], *lv denied* 11 NY3d 930 [2009] [internal quotation marks omitted]; *see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that the testimony of the accomplice was not sufficiently corroborated (*see* CPL 60.22 [1]). "[T]he purpose of the [corroboration] requirement is not to establish defendant's guilt independently but to provide some basis for the jury to conclude the accomplice testimony is credible" (*People v Besser*, 96 NY2d 136, 143

[2001]). "[M]uch less evidence and of a distinctly inferior quality is sufficient to meet the slim corroborative linkage to otherwise independently probative evidence from [an] accomplice[ ]" (*People v Breland*, 83 NY2d 286, 294 [1994]). Here, the People met their burden by offering "some nonaccomplice evidence 'tending to connect' defendant to the crime[s] charged" (96 NY2d at 143-144). Indeed, we conclude that the victim's testimony concerning, inter alia, the number of attackers and the method of the attack "harmonize[s] with the accomplice's narrative so as to provide the necessary corroboration" (*id.* at 143 [internal quotation marks omitted]). "Once the statutory minimum pursuant to CPL 60.22 (1) was met, it was for the jurors to decide whether the corroborating testimony satisfied them that the accomplice[ was] telling the truth" (*People v Pierce*, 303 AD2d 966, 966 [2003], *lv denied* 100 NY2d 565 [2003]). We also reject the contention of defendant in his main and pro se supplemental briefs that he was denied his right to a fair trial based on the cumulative effect of the alleged errors at trial (*see People v Hall*, 53 AD3d 1080, 1083 [2008], *lv denied* 11 NY3d 855 [2008]; *People v Dixon*, 50 AD3d 1519, 1520 [2008], *lv denied* 10 NY3d 958 [2008]).

Defendant contends in his pro se supplemental brief that the court punished him for asserting his right to a trial by imposing a harsher sentence than he would have received had he pleaded guilty. Even assuming, arguendo, that defendant preserved his contention for our review, we conclude that "[a] review of the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial" (*People v Shaw*, 124 AD2d 686, 686 [1986], *lv denied* 69 NY2d 750 [1987]). We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the sentence as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with respect to each other (*see* CPL 470.15 [6] [b]). The contention of defendant in his pro se supplemental brief concerning the alleged legal insufficiency of the evidence is unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Peradotto and Gorski, JJ., concur.

Smith, J., concurs in the following memorandum.

Smith, J. (concurring). I agree with the majority that the People sufficiently corroborated the accomplice testimony by presenting nonaccomplice evidence "tending to connect the defendant with the commission of" the crimes (CPL 60.22 [1]). I

further conclude that the evidence upon which the majority relies satisfies the corroboration requirement. I write separately, however, to highlight an additional piece of evidence that in my view also tends to connect defendant with the commission of the crimes.

The crimes were allegedly committed in a vehicle by defendant, two codefendants, and an accomplice. The accomplice pleaded guilty and testified against defendant and the two codefendants, and thus his testimony required corroboration. The victim testified that she initially did not remember many of the details of the crimes, but she then testified that "I could tell you right now I remember a few extra things that I probably didn't remember before and that's because I'm sitting in a room with three people that I can tell you they sat in the car." I conclude that, although such testimony was insufficient to constitute an in-court identification of defendant, it constitutes an additional piece of evidence "tending to connect the defendant with the commission of" the crimes (CPL 60.22 [1]).

Hurlbutt, J.P., and Martoche, J., dissent and vote to reverse in accordance with the following memorandum.

Hurlbutt, J.P., and Martoche, J. (dissenting). We respectfully dissent. Pursuant to CPL 60.22 (1), "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." As noted in *People v Delgado* (50 AD3d 915, 917 [2008], quoting *People v Steinberg*, 79 NY2d 673, 683 [1992]), " '[t]he corroboration must be independent of, and may not draw its weight and probative value from, the accomplice's testimony.' " Further, "[a]lthough the corroborative evidence need not establish every element of the crimes charged, it must tend to connect the defendant to the offenses" (*id.*).

In our view, the People failed to offer any independent evidence sufficient to corroborate the testimony of the accomplice identifying defendant as one of the perpetrators of the rape of the victim, and thus County Court should have granted defendant's motion for a trial order of dismissal on that ground.

At trial, the victim neither identified nor described the four attackers who raped her. Although there was DNA evidence implicating three of the perpetrators, including the accomplice who entered a guilty plea and testified at trial, there was no such evidence with respect to defendant. Consequently, corroboration of the accomplice's testimony identifying defendant as one of the perpetrators was mandated by CPL 60.22 (1). We cannot agree with the conclusion of the plurality that the neces-

sary corroboration was furnished by the testimony of the victim. The consistency between the testimony of the victim and the accomplice with respect to the details of the crimes "tends to support the accomplice['s] credibility, but it does not reasonably tend to connect the defendant with the crime[s]" (*People v Nieto*, 97 AD2d 774, 776 [1983]; *see People v Marmulstein*, 109 AD2d 948, 949 [1985]; *see generally People v Glasper*, 52 NY2d 970, 971 [1981]; *People v Hudson*, 51 NY2d 233, 238-239 [1980]).

The People's reliance on defendant's friendship with two of the codefendants and defendant's telephone conversations with them before and after the occurrence of the crimes as corroboration of the accomplice's testimony is misplaced. "Defendant's association with the [codefendants], in and of itself, does not independently establish any criminal activity on his part" (*Marmulstein*, 109 AD2d at 949). The only other arguably corroborative evidence relied on by the People is testimony that, when approached by the police, defendant was "extremely nervous," and that, when being arrested and having his buccal swab taken for DNA testing, he vomited several times. We agree with defendant that such purported evidence of consciousness of guilt "was so inherently weak that it did not satisfy the corroboration requirement of CPL 60.22" (*People v Moses*, 63 NY2d 299, 309 [1984]; *see People v Reddy*, 261 NY 479, 487-488 [1933]).

Finally, we agree with the implicit conclusion of the plurality that there is no corroboration in the trial testimony of the victim relied on by the concurrence. We therefore would reverse the judgment, grant defendant's motion for a trial order of dismissal, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Gorski, JJ.