■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINLEY, Appellant. [894 NYS2d 517]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered June 7, 2005, convicting him of attempted escape in the first degree (three counts), conspiracy in the fourth degree, and promoting prison contraband in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the verdict convicting him of conspiracy in the fourth degree, while acquitting him of attempted criminal possession of a weapon in the second degree, was repugnant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Hall*, 56 AD3d 798 [2008]); in any event, the verdict was not repugnant (*see People v McGee*, 49 NY2d 48, 57-58 [1979]; *People v Faccio*, 33 AD3d 1041, 1043-1044 [2006]; *People v Oreckinto*, 236 AD2d 635 [1997]; *People v Torres*, 118 AD2d 821 [1986]; *People v Schwimmer*, 66 AD2d 91, 94-95 [1978], *affd* 47 NY2d 1004 [1979]).

Contrary to the defendant's contention, the accomplice testimony at trial was supported by sufficient independent corroborative evidence tending to connect him to the crimes charged (*see* CPL 60.22; *People v Breland*, 83 NY2d 286 [1994]; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Hudson*, 51 NY2d 233 [1980]; *People v Cunningham*, 48 NY2d 938, 940 [1979]; *People v McRae*, 65 AD3d 1382 [2009]; *People v Benavides*, 16 AD3d 593 [2005]). Testimonial, physical, and documentary evidence adduced at trial sufficiently linked the defendant to an escape plan developed with the accomplice to establish the defendant's guilt of the crimes charged. Moreover, the verdict was not against the weight of the evidence (*see People v Breland*, 83 NY2d 286 [1994]; *People v Bretti*, 68 NY2d 929, 930 [1986]; *People v Hudson*, 51 NY2d at 240; *People v Montefusco*, 44 AD3d 879 [2007]; *People v Benavides*, 16 AD3d 593 [2005]).

Here, since the proof with respect to the two persons charged in connection with a mutual plan involved the same individuals, conduct, and events, the defendant's motion to sever his trial from that of the codefendant was properly denied (*see People v Islam*, 22 AD3d 599 [2005]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.