THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN RIVERA, Appellant. [904 NYS2d 449]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 11, 2007, convicting him of murder in the second degree (felony murder), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree (felony murder) and criminal possession of a weapon in the second degree is unpreserved for appellate review, as the defendant merely made a general motion for a trial order of dismissal based upon the People's alleged failure to establish a prima facie case both after the People rested and after the close of the evidence. The defendant did not assert any specific grounds in his motions, including whether there was insufficient evidence to corroborate the accomplice testimony in accordance with CPL 60.22 (1) (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Jackson*, 70 AD3d 858 [2010], *lv denied* 14 NY3d 841 [2010]; *People v Demolaire*, 55 AD3d 621, 622 [2008]; *People v Forino*, 39 AD3d 664, 665 [2007]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied

that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence "tend[ed] to connect the defendant to the crime[s] charged" (*People v Montefusco*, 44 AD3d 879, 880 [2007]; *see* CPL 60.22 [1]; *People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Breland*, 83 NY2d 286, 292-293 [1994]; *People v Steinberg*, 79 NY2d 673, 683 [1992]; *People v Delgado*, 50 AD3d 915, 917 [2008]). The corroborative evidence, consisting of, among other things, records of cell phone calls made to and by the defendant during the course of the incident (*see People v Garcia*, 232 AD2d 578 [1996]; *People v Barbieri*, 207 AD2d 554, 555 [1994]), and the defendant's statements to the police (*see People v Booker*, 53 AD3d 697, 702 [2008]; *People v Harris*, 19 AD3d 871, 873 [2005]; *People v Dorsey*, 3 AD3d 590, 592 [2004]; *People v Weeks*, 176 AD2d 836, 836-837 [1991]), were independent of, and did not draw its weight and probative value from, the accomplice testimony (*see People v Steinberg*, 79 NY2d at 683; *People v Delgado*, 50 AD3d at 917).

The defendant's contention that certain autopsy photographs of the victim were improperly admitted into evidence by the trial court is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dickerson*, 42 AD3d 228, 236-237 [2007]). In any event, the photographs were properly admitted into evidence, as the "sole purpose" of their admission was not "to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]; *see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]; *People v Allan*, 41 AD3d 727 [2007]; *People v Clark*, 37 AD3d 487, 488 [2007]; *People v Diaz*, 35 AD3d 226, 227 [2006]). Instead, the photographs were properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy (*see People v Rhodes*, 49 AD3d 668, 669-670 [2008]; *People v Allan*, 41 AD3d at 727-728; *People v Clark*, 37 AD3d at 488).

The statements made by one of the defendant's accomplices during a telephone call to his girlfriend, while he was driving to the location where the subject robbery was to occur, were properly admitted into evidence as a present sense impression (*see People v Brown*, 80 NY2d 729, 734 [1993]; *People v Barnes*, 64 AD3d 890, 892 [2009]; *People v Foster*, 52 AD3d 957, 961 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.