██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL ROBERSON, Appellant. [903 NYS2d 129]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 9, 2007, as amended February 14, 2007, convicting him of criminal possession of a controlled substance in the seventh degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As an initial matter, the People are correct that, while the defendant characterizes his argument as concerning the weight of the evidence, the essence of his argument is that the mixed verdict acquitting him on the count of criminal possession of a controlled substance in the third degree, while at the same time finding him guilty on the count of criminal possession of a controlled substance in the seventh degree, is inconsistent, or repugnant. Since it is undisputed that no challenge was raised on this ground prior to the jury being discharged, the argument is not preserved for appellate review (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Finley, 70 AD3d 850 [2010]; People v Satloff, 82 AD2d 896, 898 [1981], affd 56 NY2d 745 [1982]). In any event, there is no merit to the argument. In New York, a conviction will be reversed on grounds of repugnancy "only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981]; see People v Rayam, 94 NY2d 557, 561 [2000]). The record "should be reviewed only as to the jury charge," and the instructions to the jury "will be examined only to determine whether the jury, as instructed, must have reached an inherently self-contradictory verdict" (People v Tucker, 55 NY2d at 7; see People v Rayam, 94 NY2d at 561). Here, there was nothing inherently repugnant in the jury verdict, based upon the charge it was given, acquitting the defendant on the count of possession with intent to sell, while rendering a guilty verdict on the charge of possession, without intent to sell. The defendant urges that under the circumstances, where the drugs found on a codefendant were packaged in a manner consistent with the undercover's description of the general practice of selling crack in small ziplock bags at $10 per bag, the jury could not reasonably have found constructive possession without, at the same time, finding intent to sell. However, the Court of Appeals has rejected this type of analysis,

whereby a court reviews the record *"in toto* so as to consider all the evidence and discover the underlying basis of the jury's determination, whereupon the reviewing court can determine the logic or illogic of the verdicts and remedy the repugnancy when it exists" (*People v Tucker*, 55 NY2d at 6; *see People v Rayam*, 94 NY2d at 561). Among other things, there is the possibility that the jury, rather than acting irrationally, "instead has exercised mercy" (*People v Tucker*, 55 NY2d at 7) in refusing to find an intent to sell. "When the jury has decided to show lenity to the defendant, an accepted power of the jury . . . , the court should not then undermine the jury's role and participation by setting aside the verdict" (*id.*; *see People v Rayam*, 94 NY2d at 561).

The same reasoning applies upon conducting our weight of the evidence review. While it would not have been unreasonable for the jury to have acquitted the defendant on the count of criminal possession of a controlled substance in the seventh degree, which was based on a theory of constructive possession, the "jury was free to accept or reject portions of the testimony presented to it" (*People v Martinez*, 63 AD3d 859, 860 [2009]; *see People v Gillums*, 71 AD3d 784 [2010]; *People v Donovan*, 58 AD3d 640, 641 [2009]). The jury's verdict finding that the defendant constructively possessed the drugs found on a codefendant, but without an intent to sell, is supported by the weight of the evidence. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.