People v Flores (2021 NY Slip Op 06860)





People v Flores


2021 NY Slip Op 06860


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-12012
 (Ind. No. 1654/18)

[*1]The People of the State of New York, respondent,
v
Carlos Flores, appellant.


Jan Murphy, Huntington, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Jason R. Richards and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered October 1, 2019, convicting him of murder in the second degree, conspiracy in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 25 years to life on the convictions of murder in the second degree and conspiracy in the first degree, and concurrent determinate terms of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years, on the convictions of criminal possession of a weapon in the second degree, to run concurrently with the consecutively imposed sentences.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's contentions that the evidence was legally insufficient to establish his guilt, including his contention that there was insufficient evidence to corroborate the testimony of an accomplice, are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Rivera, 74 AD3d 993, 993). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the accomplice's testimony was adequately corroborated. To sufficiently corroborate accomplice testimony, the corroborative evidence need only "tend[ ] to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (People v Reome, 15 NY3d 188, 192 [internal quotation marks omitted]; see CPL 60.22[1]). That standard was met in this case by, among other evidence, a stipulation that the defendant was arrested in possession of the murder [*2]weapon several months after the crime and surveillance video that depicted the events leading up to the shooting, as well as the shooting itself.
Contrary to the People's contention, the defendant preserved for appellate review his contention that he was deprived of the right to present a defense by the Supreme Court's determination not to admit into evidence a statement of an individual who was present during the events surrounding the shooting (see CPL 470.05[2]). Nevertheless, the court properly precluded the hearsay statement since it was not a declaration against penal interest (see People v Morgan, 76 NY2d 493, 495; People v Rivera, 195 AD3d 644, 645).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court